# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 0:16-cv-62304-WJZ

SUPREME WIRELESS, INC.,

        Plaintiff,

vs.

DEREK W. EDWARDS,

        Defendant.

_____/

## PLAINTIFF'S MOTION FOR LEAVE
## TO SERVE EARLY SUBPOENAS ON NON-PARTIES

        Plaintiff, SUPREME WIRELESS, INC., ("Supreme"), respectfully moves this Court pursuant to Fed. R. Civ. P. 26(d)(1), Fed. R. Civ. P. 45, and Local Rule 26.1, for leave to issue and serve subpoenas upon non-parties prior to conferring with Defendant, DEREK W. EDWARDS, pursuant to Fed. R. Civ. P. 26(f). In support of its Motion, Supreme states as follows:

        1.     This action was filed to recoup over $1,500,000.00, fraudulently obtained from Supreme—acts of devious and calculated design perpetrated upon Supreme by Mr. Edwards under the guise of legitimate investment opportunities backed by documents, individuals, and companies created and deployed by Mr. Edwards specifically to induce Supreme to transfer funds to Mr. Edwards for his later misappropriation and use.

        2.     Supreme is justifiably concerned that Defendant may seek to move around whatever of Supreme's funds he may have upon service of the Complaint in this Action and would like to immediately start gathering the information necessary to move this Court for injunctive relief.

        3.     Nearly all of the money sought in this Action was transferred to Defendant by way of wire transfer which includes a tracking number and can be easily traced. Supreme seeks to issue subpoenas to the banking institutions that received Supreme's funds as well as subpoenas related to the forwarding of said funds to other accounts. Additionally, Supreme seeks to immediately issue subpoenas directed at discovering the relationship between Defendant and the address in Fort Lauderdale, Florida, which his bank account lists as Defendant's address.

4. Additionally, over the course of the past few months, Defendant has been asked to explain what happened with the funds and responded with an explanation of various outgoing wiring transfers, which add up to $1,573,200, as set forth in Exhibit "A" hereto. Supreme seeks to issue subpoenas directed at the bank accounts listed in Exhibit "A".

5. In accordance with Rule 26(d), discovery generally does not commence until parties to an action meet and confer as prescribed by Fed. R. Civ. P. 26(f). Fed. R. Civ. P. 26(d)(1) allows an exception to this rule when authorized by court order. "A court may permit early discovery if the requesting party demonstrates good cause." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id.

6. In light of the above and the circumstances of this case, Plaintiff respectfully requests leave to serve subpoenas upon non-parties, prior to holding a conference pursuant to Fed. R. Civ. P. 26(f), in order to obtain the information needed to seek injunctive relief from this Court.

7. "A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. Proc. 26(d). Pursuant to Federal Rule 26(b), courts may order discovery of any relevant matter for good cause. Courts who have dealt with these sorts of cases generally consider whether a plaintiff has shown "good cause" for the early discovery." Malibu Media, LLC v. Doe, 2013 WL 2154818, at *1 (M.D. Fla. 2013)(citing Patrick Collins v. Does 1–1219, 2010 WL 5422569, * 2 (N.D. Cal. 2011). See also Bicycle Peddler, LLC v. Doe 39, 2013 WL 1703986, at *1 (M.D. Fla. 2013) (gathering cases in which courts have authorized early discovery in internet infringement cases).

8. In determining whether good cause justifies expedited discovery, courts commonly consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Am. LegalNet., Inc. v. Davis, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); see also Apple Inc. v. Samsung Elecs. Co., Ltd., 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011).

9. Here, while there is not preliminary injunction pending, the breadth of the

subpoenas requested by Supreme is limited to actual wire transfers and information about Defendant's assets. The burden on the non-parties is minimal as all that will be requested are printouts of the account histories for the relevant time period. Further, this request is being made not too long before discovery would traditionally start in any event.

10. Pursuant to Local Rule 7.1(a)(2), a proposed Order is attached for the Court's convenience as Exhibit "A," and a copy will be transmitted in Microsoft Word format via electronic mail to Zloch@flsd.uscourts.gov, pursuant to Rule 3(I)(6) of the CM/ECF Administrative Procedures of the Southern District of Florida.

**WHEREFORE**, Plaintiff, SUPREME WIRELESS, INC., respectfully requests this Court grant this motion and allow Plaintiff to issue and serve the requested subpoenas prior to a Rule 26f conference and for such other relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar No. 91210
Rodal Law, P.A.
3201 Griffin Road, Suite 203
Dania Beach, Florida 33312
Telephone: (954) 367-5308
Facsimile: (954) 272-7587
chezky@Rodallaw.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on September 30, 2016 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

**Service by U.S. Mail**
DEREK W. EDWARDS
5001 S.W. 20th Street
Suite 2609
Ocala, Florida 34474

By: /s/ *Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar No. 91210
Rodal Law, P.A.
*Attorney for Plaintiff*
3201 Griffin Road, Suite 203
Dania Beach, Florida 33312
Telephone: (954) 367-5308
Facsimile: (954) 272-7587
chezky@Rodallaw.com